IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| **Emmanuel Togba,** | * | |
| **Plaintiff,** | * | |
| v. | * | **Civ. No. JKB-23-01533** |
| **Wing Stop/Sizzling Platter LLC, et al.,** | * | |
| **Defendants.** | * | |

\* \* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM

Plaintiff Emmanuel Togba, proceeding pro se, brings this action against his former employer, Wing Stop/Sizzling Platter LLC ("Wing Stop")[1] and against a former manager, Chris Myers.[2] Togba alleges that he was discriminated against on the basis of his sex in violation of Title VII of the Civil Rights Act of 1964. Currently pending before the Court is Wing Stop's Motion to Dismiss or, Alternatively, Motion for More Definite Statement. (ECF No. 13.) For the following reasons, the Court will grant Wing Stop's Motion to Dismiss and deny as moot the Motion for More Definite Statement.

## I. Facts Properly Before the Court

Before reviewing the facts of this case, the Court must first determine what allegations are properly before it. Togba's statement of his claim comprises only two sentences. (*See* ECF No. 1 at 6.) That said, Togba attached various documents to his complaint and filed a supplement

---

[1] In the complaint (ECF No. 1) and in Wing Stop's Motion to Dismiss (ECF No. 13), both parties refer to Wing Stop's full name as "Wing Stop/Sizzling Platter LLC." However, in its subsequent corporate disclosure statement, Wing Stop stated that it was "incorrectly named" and its proper corporate name is simply "Sizzling Platter LLC." (ECF No. 15.) The Court will refer to the entity at issue in this matter as Wing Stop.

[2] In the complaint, Togba names this defendant as Chris Myers. However, at other points Togba refers to him as Chris Miles. For the purposes of this Memorandum and the accompanying Order, the Court will assume that the defendant's correct name is Chris Myers, the name reflected in the case caption.

to his complaint containing some additional documents on August 29, 2023 (ECF No. 16), four days after Wing Stop moved to dismiss on August 25.

When reviewing a motion to dismiss, the Court typically focuses only on the allegations contained in the complaint itself. *Goines v. Valley Cmty. Servs. Bd.*, 822 F.3d 159, 165–66 (4th Cir. 2016). However, the Court should also consider documents expressly incorporated into the complaint by reference and those that are attached to the complaint as exhibits. *Id.* at 166. Accordingly, the Court will consider the facts in the documents attached to Togba's complaint. Furthermore, given Togba's pro se status, and because his supplement was filed within the time period during which he could amend his complaint once as a matter of course under Fed. R. Civ. P. 15(a)(1), the Court will liberally construe this supplement to constitute an amendment to his complaint. *See Smith v. Blackledge*, 451 F.2d 1201, 1202 (4th Cir. 1971) (stating that a document, filed by a pro se plaintiff, denominated as one to "Further Particularize" allegations in a complaint should not have been treated as a response to the defendants' motion to dismiss but instead "should have been considered an amendment to the complaint").

Thus, in laying out the facts of the case and in reviewing the Motion to Dismiss, the Court will consider the allegations in Togba's complaint, the documents attached to his complaint, and the documents comprising the supplement to the complaint.

## II. Factual Background[3]

Togba was employed as a manager or manager-in-training at a Wing Stop restaurant in Baltimore, Maryland. (ECF No. 1-4 at 2; ECF No. 16 at 5.) On January 16, 2023, he reported for his shift as scheduled, but was informed that he was being terminated because of a "no call no

---

[3] For the purposes of evaluating a motion to dismiss, the Court assumes the following facts alleged in Togba's complaint are true. *See Wikimedia Found. v. Nat'l Sec. Agency*, 857 F.3d 193, 208 (4th Cir. 2017) ("We accept as true all well-pleaded facts in a complaint and construe them in the light most favorable to the plaintiff.")

2

show" on the previous day, January 15. (ECF No. 16 at 5.) Togba alleges that "[p]rior to [his] termination, there were multiple issues [he] was having that [he] reported to [his] District Manager, but those issues were never addressed." (*Id.*)

On January 18, 2023, Togba emailed a representative at Wing Stop to protest his termination. (ECF No. 1-4 at 2.) That email is somewhat hard to follow, but in essence, Togba appears to argue that he was not properly informed about which days he was scheduled to work. (*Id.*) In the email, he explains that he "had submitted a doctors note to the GM." (*Id.*) Togba also corresponded by text message with Myers. In this conversation, he argued that he was not scheduled to work on the day that Wing Stop claimed he failed to show up for work. (*See* ECF No. 1-4 at 3–5.)

Togba filed charges of discrimination with both the EEOC and the Maryland Commission on Civil Rights. (ECF No. 16 at 1–4 (EEOC documents); 5–6 (state documents)). He received a right to sue letter from the EEOC on May 23, 2023, (ECF No. 1-2 at 5), and filed the instant complaint on June 6, 2023 (ECF No. 1).

Togba alleges that Wing Stop "provided [him] disparate assignments and unequal wages, and discharged [him] because of [his] sex (male) in violation of Title VII of the Civil Rights Act of 1965, as amended." (ECF No. 16 at 6.) Togba also makes the following allegation, which comprises the entirety of the "Statement of the Claim" section of his complaint: "Each defendant was involved by simply ignoring the mistake on the day of my termination. I was terminated on my day off and the issue was not properly addressed." (ECF No. 1 at 6.)

## III. Legal Standard

When considering a motion to dismiss pursuant to Rule 12(b)(6), the Court must "accept all well-pleaded allegations in the complaint as true and draw all reasonable inferences in the

3

plaintiff's favor." *Langford v. Joyner*, 62 F.4th 122, 124 (4th Cir. 2023). To survive a motion to dismiss, the complaint "must include 'sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'" *Id.* (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). "A claim has facial plausibility" when the plaintiff pleads facts that allow the court to "draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S at 678. "A pleading that offers 'labels and conclusions' or . . . 'naked assertion[s]' devoid of 'further factual enhancement'" will not suffice. *Id.* (alteration in original) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 557 (2007)).

The Supreme Court has stated that when a complaint alleges employment discrimination, the plaintiff "need not plead a prima facie case of discrimination." *Swierkiewicz v. Sorema*, 534 U.S. 506, 515 (2002). Although *Swierkiewicz* is arguably in tension with the Supreme Court's subsequent rulings in *Twombly* and *Iqbal*, the case "remain[s] binding precedent." *Woods v. City of Greensboro*, 855 F.3d 639, 648 (4th Cir. 2017). Thus, at the motion to dismiss stage the plaintiff simply must plausibly "allege facts to satisfy the elements of a cause of action created by [the relevant] statute." *Id.* (alteration in original) (quoting *McCleary-Evans v. Md. Dep't of Transp., State Hwy. Admin*, 780 F.3d 582, 585 (4th Cir. 2015)).

Finally, pro se complaints are to be construed "liberally, . . . [b]ut liberal construction does not mean overlooking the pleading requirements under the Federal Rules of Civil Procedure." *Bing v. Brivo Systems, LLC*, 959 F.3d 605, 618 (4th Cir. 2020).

**IV. Analysis**

Togba's complaint will be dismissed because it is wholly devoid of allegations from which the Court could reasonably infer that he was fired because of his sex.

Title VII makes it unlawful for an employer to take an adverse action against an employee on account of that employee's sex. 42 U.S.C. § 2000e-2(a). To survive a motion to dismiss, a plaintiff alleging sex discrimination must allege facts that make it plausible that (1) they suffered an adverse employment action, and (2) the action was taken because of their sex. *Franovich v. Hanson*, ___ F. Supp. 3d ___, Civ. No. DKC-22-1008, 2023 WL 5297673, at 7 (D. Md. Aug. 17, 2023) (citing *McCleary-Evans*, 780 F.3d at 584–85).

Togba does not allege any facts that would permit the Court to conclude that he was terminated based on his sex. He does not allege any facts reflecting direct evidence of discrimination, nor does he allege facts that would permit any inference of discrimination. For instance, Togba has not alleged that that he was treated differently from similarly situated female co-workers, which could have given rise to an inference of sex discrimination. *See Booth v. Cnty. Exec.*, 186 F. Supp. 3d 479, 486 (D. Md. 2016) (holding that the plaintiff failed to raise an inference of discrimination because he did not allege that co-workers of different races or genders "were treated more favorably under similar circumstances"). Viewing the facts in the light most favorable to him, Wing Stop fired Togba for failing to show up to work on January 15, 2023, even though he was not scheduled to work that day. Doubtless it is unfair to fire someone for not working a day they were never scheduled to work, but this has nothing to do whatsoever with firing someone because of their sex.

Additionally, the Court cannot accept as true Togba's allegation that Wing Stop "provided [him] disparate assignments and unequal wages, and discharged [him] because of [his] sex (male) in violation of Title VII of the Civil Rights Act of 1965, as amended." (ECF No. 16 at 6.) This statement is not supported by any other factual allegations and thus is little more than a "[t]hreadbare recital[] of the elements of a cause of action, supported by mere conclusory

5

statements," which is not enough to survive a motion to dismiss. *Iqbal*, 556 U.S. at 678. For these reasons, the Court will grant Wing Stop's Motion to Dismiss.

The Court will also dismiss Togba's claims against Myers. It does not appear that Myers was ever properly served. (*See* ECF No. 12 (summons returned unexecuted as to Myers).) However, Togba will not be required to serve him, as the complaint contains no facts from which the Court could infer that Myers took any action against Togba on account of Togba's sex. Indeed, Togba does not make any allegations against Myers specifically that he does not make against Wing Stop. Accordingly, the Court will dismiss Togba's claims against him. *See Nix v. NASA Fed. Credit Union*, 200 F. Supp. 3d 578, 586 (D. Md. 2016) ("A district court may *sua sponte* dismiss a complaint for failure to state a claim, and where the face of a complaint plainly fails to state a claim for relief, the district court has 'no discretion but to dismiss it.'" (quoting *Eriline Co. S.A. v. Johnson*, 440 F.3d 648, 655 n.10 (4th Cir. 2006))).

## V. Conclusion

For the reasons stated above, the Court will grant Wing Stop's Motion to Dismiss (ECF No. 13), and will also dismiss the complaint against Myers. Because the Court will dismiss Togba's complaint, Wing Stop's motion in the alternative for a more definite statement will be denied as moot. A separate Order will issue.

DATED this 22 day of November, 2023.

BY THE COURT:

/s/ James K. Bredar

James K. Bredar
Chief Judge